Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence, affirms the Opinion and Award of the deputy commissioner, with minor modification.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. Plaintiff was injured while at work for defendant-employer on 18 June 1997.
2. The parties stipulated to Defendants Response to the Plaintiffs First Set of Interrogatories.
3. The parties stipulated to the Premium Finance Agreement dated 12 May 1997.
4. The parties stipulated to defendant-employers application.
5. The parties stipulated to plaintiffs medical records from Pinehurst Medical Clinic, Inc., Pinehurst Surgical Clinic, P.A., Moore Regional Hospital, and Moore Surgical Center, P.A.
6. The issue presented is: Whether plaintiff was covered on 18 June 1997 by a workers compensation insurance policy issued by The Travelers?
***********
Based on the credible evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. The Industrial Commission has jurisdiction over the parties and subject matter.
2. On 12 May 1997, plaintiff, in his capacity as owner of defendant-employer, applied for workers compensation insurance with defendant-carrier.
3. In Section 9 of the Application for Workers Compensation insurance, plaintiff listed himself as a sole proprietor and specifically rejected coverage for himself.
4. The portion of Section 9 of the Application, plaintiffs income for the purpose of premium calculation was left blank.
5. In Section 11 of the Application, plaintiff listed the number of employees as zero.
6. On 12 May 1997, plaintiff signed and dated the Application which rejected workers compensation for himself.
7. Plaintiff, as sole proprietor of defendant-employer, rejected coverage for himself under defendant-employers workers compensation policy.
8. Defendant-carrier provided workers compensation coverage for any employees that might be employed by defendant-employer, but the policy did not provide coverage for plaintiff on 18 June 1997.
9. At the time of plaintiffs injury on 18 June 1997, plaintiff was not covered under defendant-employers workers compensation policy.
*********** Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff did not elect to be included as an employee under defendant-employers workers compensation coverage and did not notify defendant-carrier of an election to be included. G.S.97-2(2).
2. Defendant-carrier is not liable to plaintiff for his work-related injury on 18 June 1997.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiffs claim for compensation under the Act is DENIED.
2. Each side shall bear its own costs.
 S/______________________ RENEE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/_______________ DIANNE C. SELLERS COMMISSIONER
S/_______________ LAURA K. MAVRETIC COMMISSIONER